IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>          Plaintiff,<br><br>vs.<br><br>AUSTIN, SS2 Employee, in Individual Capacity;  TERRI, Unit Manager, in Individual Capacity; DREW ENGLISH, Compliance Team, in Individual Capacity; DON WHITMAR, Compliance Team, in Individual Capacity;  VICTOR, Therapist, in Individual Capacity; MIKE EPPEMAN, Social Worker, in Individual Capacity; and  JAKE, SS2, in Individual Capacity,<br><br>          Defendants. | **8:20CV220**<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed a pro se Complaint (Filing 1) on June 10, 2020, and was given leave to proceed in forma pauperis. The court then conducted an initial review of the Complaint under 28 U.S.C. § 1915(e)(2). After concluding that the Complaint fails to state a claim upon which relief may be granted, the court on its own motion gave Plaintiff leave to amend his pleading within 30 days. See Memorandum and Order entered on September 30, 2020 (Filing 7). On October 8, 2020, Plaintiff timely filed an Amended Complaint (Filing 8),[1] which will now be reviewed.

### I. STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or

---

[1] As originally filed, the Amended Complaint was deficient because it was not signed. This deficiency was corrected on October 19, 2020.

any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff has been civilly committed to the Norfolk Regional Center ("NRC"). He brings this 42 U.S.C. § 1983 action against seven NRC employees, who are sued in their individual capacities only, to recover money damages for alleged violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments.[2] The

---

[2] Although Plaintiff was advised his Amended Complaint would supersede, rather than supplement, his original pleading, the Amended Complaint consists only of a one-page "Statement." The court therefore will treat the Amended Complaint as superseding only the "Statement of Claim" section of the original Complaint, which was prepared using the court's standard form "Complaint for a Civil Case." In other words, Plaintiff's Amended Complaint (Filing 8) will replace CM/ECF Page 7 of his original Complaint (Filing 1), but the original Complaint will otherwise remain in effect as a pleading. See NECivR 15.1(b) ("In considering pro se litigants' amended

defendants include two security specialists (Austin and Jake), a unit manager (Terri), two compliance team members (Drew English and Don Whitmar), a therapist (Victor), and a social worker (Mike Eppeman). Plaintiff claims all defendants failed to take corrective action after Plaintiff complained he was being threatened with violence by two other patients (Joker T. and James C.). Plaintiff also claims he was prevented from contacting the authorities by Don Whitmar, and claims Victor did not allow him to voice his safety concerns during a group therapy session. Plaintiff alleges:

> Within the month of May 2020 and June 2020, Joker T. made a concerning comment regarding how he was going to fuck me in the ass and later said he wasn't because he doesn't know where my asshole's been. I later tried to bring this complaint to defendants Austin and Jake but I was laughed at and the saftey concern was never investigated and no action was made. The following week James C. (3 east patient) (there is more than one James C.) had told me he was going to slash my neck. I then presented this safety concern to Jake and Austin and they again both laughed at me and no action was done. I then asked the Unit manager Terri to get involved mentioning that I would like to press charges for sexual harrassment on Joker T. and threats on James C. She referred me to my social worker Mike and for about 3 weeks no action was done and no investigation has been made. After that I thought I would try to call the authorities but rememebered the threat made by Don Whitmar where he said if I tried to call the authorities myself then he would restrict my phone access all together meaning there would be no other alterinative to making phone calls as he would restrict all phone access to none. I continued trying to voice this concern amongst defendants Terri, Mike, Jake and Austin but I felt I was being shunned for raising this concern. Austin has numerous times tried to tell me to drop this concern because I am putting myself at risk because Joker T.

---

pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading."). In its previous Memorandum and Order, however, the court dismissed claims against two NRC patients, James C. and Joker T., because they were not alleged to have been acting under color of state law when they made harassing or threatening comments to Plaintiff. The Amended Complaint does not revive those dismissed claims.

3

and James C. want to physically hurt me now. Jake has told me this is bigger than me and claims I should just take it like a bitch. I ultimately fealt no investigation or action was going to be done in regards to these 2 safety concerns so I tried bringing this up in group therapy where I could get feedback on how to handle this. That particular day was a day where we would normally talk about any therapy assignment and get feedback on that rather than unit based concerns. Because I fealt half way through presenting this assignment that some of the group members were making fun of me I asked to present it next week. Victor then asked if any body had any "focuses". This is a way to bring up non group related concerns up for feedback. Victor said to me that I was not allowed to bring up the arising safety concerns involving Joker T. and James C. because I was not finished presenting that group therapy assignment. I ultimately feel because I have tried to present safety concerns before in the group and it never is taken seriously or investigated for that matter that this action done by Victor was a 1st amrnendment violation because I was being silenced from raising the safety concern in the first place. After getting nowhere with no such investigation or action being made I tried to seek out compliance specialist Drew English on this matter. Hey asked me to send a letter to him regarding these 2 concerns so that he can call the authories. After I sent this letter, it's now 10-05-20 and not a single action has been made in regards to my safety concerns not to mention Joker T. has been discharged now. I feel as a patient here at NRC that a majority of my safety concerns has been treated like a joke with very little to nothing ever to correct these and ultimately I feel that NRC has failed me. NRC won't call the authorites on my behalf and Don Whitmar who corresponds directly with NSP[3] as a spokeperson has refused me access to law enforcement. The way that these defendant have not taken my safety concerns seriously has presented a 1st amrnendment violation on Don Whitmar and therapist Victor. All defendants should be heald liable for my 14th and 8th amrnendment violations for not taking my safety concerns seriously. Don and Victor should be heald responsible for silencing me when I had tried to either voice the concern in general or refusing access to the authorites.

(Filing 8 (unedited).)

---

[3] "NSP" presumably is a reference to the Nebraska State Patrol.

### III. DISCUSSION

Liberally construing Plaintiff's pleadings, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, public employees act under color of state law while acting in their official capacities or while exercising their responsibilities pursuant to state law. *Id.* at 50.

### A. First Amendment Claims[4]

"As a general matter, the First Amendment prohibits governmental actors from directing what persons may see, read, speak, or hear." *United States v. Ivers*, 967 F.3d 709, 718 (8th Cir. 2020) (*quoting Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616, 621-22 (8th Cir. 2002) (en banc)). It must be emphasized, however, that "[a]ny form of involuntary confinement, *whether incarceration or involuntary commitment,* may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012) (emphasis in original; quoting *Martyr v. Bachik,* 755 F.Supp. 325, 328 (D.Or. 1991)).

Plaintiff alleges he was warned by Don Whitmar that if he tried to call the authorities, Whitmar would restrict Plaintiff's phone access.[5] Without repeating its discussion from the previous Memorandum and Order, the court concludes Plaintiff has sufficiently alleged a First Amendment retaliation claim.

Plaintiff also alleges that his therapist, Victor, would not allow him to voice his concerns about safety during a group session. The court will also allow this First

---

[4] The Fourteenth Amendment makes the First Amendment's Free Speech Clause applicable against the States. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).

[5] The court takes judicial notice that Plaintiff alleges in another pending action that restrictions have been placed on his ability to contact the State Patrol. *See Wiley v. Norfolk Regional Center*, Case No. 8:20-cv-00147-BCB-SMB.

5

Amendment claim to proceed to service of process, while recognizing this was a "nonpublic forum" and there may have been legitimate reasons for not allowing Plaintiff to speak after he failed to finish his therapy assignment.

### B. Fourteenth Amendment Claims

"Government officials have an unquestioned duty to provide reasonable safety for all residents and personnel within an institution where people are involuntarily committed." *Hall v. Ramsey Cty.*, 801 F.3d 912, 918 (8th Cir. 2015) (cleaned up). "Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004); *see Nelson v. Shuffman,* 603 F.3d 439, 446 n. 3 (8th Cir. 2010) (failure-to-protect claims brought by detainee living in sex offender treatment center evaluated under standards applicable to prisoners' failure-to-protect claims); *but see Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (clarifying that conditions-of-confinement claims brought by pretrial detainees must be analyzed under objective standard of Fourteenth Amendment, rather than under deliberate indifference standard of Eighth Amendment, which applies to convicted prisoners).

Because Plaintiff alleges all defendants failed to act after being apprised of serious threats to his safety, the Fourteenth Amendment failure-to-protect claims will be allowed to proceed against all defendants.

### V. CONCLUSION

Upon initial review of Plaintiff's pleadings, the court has determined that Plaintiff's Amended Complaint contains sufficient factual allegations to state claims upon which relief may be granted under 42 U.S.C. § 1983, such that the case should proceed to service of process. The court cautions Plaintiff this is only a preliminary determination. The court has not made a determination on the merits of his claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED:

1. Plaintiff's 42 U.S.C. § 1983 claims against these seven Defendants may proceed to service of process: (1) Austin, SS2 Employee, in his individual capacity; (2) Terri, Unit Manager, in her individual capacity; (3) Drew English, Compliance Team [Member], in his individual capacity; (4) Don Whitmar, Compliance Team [Member], in his individual capacity; (5) Victor, Therapist, in his individual capacity; (6) Mike Eppeman, Social Worker, in his individual capacity; and (7) Jake, SS2 [Employee], in his individual capacity.

2. The Clerk of the Court is directed to complete and issue summons for service on the seven Defendants listed above in their individual capacities only. Defendants may all be served at this address:

> Norfolk Regional Center
> 1700 N. Victory Rd.
> Norfolk, NE 68701

3. The Clerk of the Court is further directed to deliver the summonses, the necessary USM-285 Forms, and seven copies of Plaintiff's Complaint and Amended Complaint (Filings 1, 8), the court's previous Memorandum and Order (Filing 7), and this Memorandum and Order to the Marshals Service for service of process on those Defendants. The Marshals Service shall serve each Defendant personally in his or her individual capacity. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Westlaw 2020).[6]

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson,* 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

5.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6.  The Clerk of Court is directed to set the following deadline: January 20, 2020—completion of service of process due.

7.  Pursuant to General Order No. 2020-01 ¶ 6, because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket.

8.  The Clerk of Court shall assign new judges to this case and request a reassignment order from the Chief Judge. In doing so, the Clerk of the Court shall advise the Chief Judge that this case may be "related" to another pending civil case filed by Plaintiff, Case No. 8:20-cv-00147-BCB-SMB, in which Plaintiff claims restrictions have been placed on his telephone calls to the State Patrol, in violation of the First Amendment. *See* NEGenR 1.4(a)(4)(C)(iii) ("Open or closed civil cases are related when they involve some or all of the same issues of fact, ….").

Dated this 22th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

8