IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>            Plaintiff,<br><br>    vs.<br><br>AUSTIN, SS2 Employee, in Individual Capacity; TERRI, Unit Manager, in Individual Capacity; DREW ENGLISH, Compliance Team, in Individual Capacity; DON WHITMAR, Compliance Team, in Individual Capacity; VICTOR, Therapist, in Individual Capacity; MIKE EPPEMAN, Social Worker, in Individual Capacity; and JAKE, SS2, in Individual Capacity.<br><br>            Defendants. | **8:20CV220**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on its own motion. In its previous order dated October 22, 2020, the court determined this matter may proceed to service of process against all defendants, and directed the clerk to issue summonses for service by certified mail or other means at the Norfolk Regional Center. The Marshals Service has since advised the undersigned judge that it is unable to serve a defendant whose last name is unknown. At this time, therefore, service may only be had upon Drew English, Don Whitmar, and Mike Eppeman.

      Based on the court's own search of the State of Nebraska Online Employee Directory (https://ne-phonebook.ne.gov/PhoneBook/faces/welcome.jsp, last visited Oct. 28, 2020), it appears the full names for three of the defendants may be: Austin Christiansen, Terri J. Bruegman, and Victor V. Van Fleet. The clerk of the court will therefore be directed to issue new summonses for these three defendants.

The court was unable to find a listing for a Jake at an NRC phone number. As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the United States Marshals. However, the Marshals Service cannot initiate service upon a defendant who cannot be properly identified based on the information provided. Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to provide additional identifying information for Jake, SS2 Employee (preferably, his correct first and last name) and notify the court of that information, after which the court will initiate service of process. If Plaintiff is unable to provide additional information, then he must inform the court of such. Failure to take any action will result in dismissal of Plaintiff's claims against Defendant Jake, SS2 Employee, without prejudice and without further notice.

IT IS THEREFORE ORDERED:

1. For service of process on the following three defendants, <u>in their individual capacities</u>, the clerk of the court is directed to complete replacement summons forms and USM-285 forms using the complete names shown here:

> Austin, SS2 Employee   —   Austin Christiansen
> Terri, Unit Manager    —   Terri J. Bruegman
> Victor, Therapist      —   Victor V. Van Fleet

These defendants may be served at: Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701.

2. The Clerk of the Court is further directed to deliver the replacement summonses and USM-285 Forms to the Marshals Service for service of process on those three defendants, together with copies of the pleadings and orders which were previously provided to the Marshals Service.

3. The Marshals Service shall serve each defendant personally in his or her individual capacity. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Westlaw 2020).

4. As previously ordered, the United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Plaintiff will have 30 days from the date of this Memorandum and Order to take reasonable steps to provide additional identifying information for Defendant Jake, SS2 Employee, and notify the court of that information, after which the court will initiate service of process. If Plaintiff is unable to provide additional information, then he must inform the court of such. Failure to take any action will result in dismissal of Plaintiff's claim(s) against Defendant Jake, SS2 Employee, without prejudice and without further notice.

6. The clerk of the court is directed to set a case management deadline using the following text: November 30, 2020: check for Plaintiff's response regarding Defendant's name.

7. As previously ordered, Plaintiff shall have until January 21, 2021, to complete service of process on all defendants.

Dated this 29th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
Supervising Pro Se Judge

3