IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY,<br><br>      Plaintiff,<br><br> vs.<br><br>AUSTIN, SS2 Employee, in Individual Capacity; TERRI, Unit Manager, in Individual Capacity; DREW ENGLISH, Compliance Team, in Individual Capacity; DON WHITMAR, Compliance Team, in Individual Capacity; VICTOR, Therapist, in Individual Capacity; MIKE EPPEMAN, Social Worker, in Individual Capacity; and JAKE, SS2, in Individual Capacity;<br><br>      Defendants. | 8:20-CV-220<br><br>**MEMORANDUM AND ORDER** |

  This matter comes before the Court on Plaintiff's, Timothy Wiley's, requests for a temporary restraining order. Filing 16, Filing 17. The Court denies Wiley's motions.

  Wiley has filed what he terms a joint "Request to Amend Complaint and to Place a Temporary Restraining Order on New and Previously Summoned Defendants." Filing 16. To the extent it relates to a request for a temporary restraining order, Filing 16 states that Wiley believes numerous defendants have a conflict of interest in continuing to have contact with Wiley. Filing 16 at 1. Wiley requests that Defendants "Austin and others" be put "on a different unit [at the Norfolk Regional Center] to thus prevent retaliation or a conflict of interest." Filing 16 at 1.

  Subsequently, Wiley filed a second motion, reiterating his request for a restraining order. Filing 17. After restating his concern that Defendants have a conflict of interest, he requests that "a temporary order of some kind be made to prevent interaction or contact on any level" with

1

Defendants. Filing 17 at 1. Both of Wiley's requests, like his Amended Complaint, are signed but not stated under oath or notarized. *See* Filing 8, Filing 16, Filing 17.

Under Federal Rule of Civil Procedure 65, the Court is authorized to issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Wiley's requests for a temporary restraining order fail under the first prong and the Court need not analyze them further. Neither of Wiley's motions purporting to request a temporary restraining order are set forth in affidavit form, nor is his Amended Complaint verified. Accordingly, the Court cannot rely on his assertions to assess whether an immediate and irreparable injury, loss, or damage will occur. Fed. R. Civ. P. 65. Accordingly, Wiley's motions seeking a temporary restraining order are denied.

IT IS ORDERED:

1. Filing 17 is denied in its entirety;

2. Filing 16 is denied to the extent it seeks a temporary restraining order; and

3. The remaining request(s) contained in Filing 16 are referred to the magistrate judge for resolution.

Dated this 5th day of November, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge